In the Matter of the Application for Disciplinary Action against Terrence J. MADDOCK, a Member of the Bar of the State of North Dakota.

DISCIPLINARY BOARD OF the SUPREME COURT, Petitioner,

v.

Terrence J. MADDOCK, Respondent.

Civ. No. 9417.

Supreme Court of North Dakota.

Dec. 28, 1977.

Gregory D. Morris, Bismarck, for petitioner.

Terrence J. Maddock, Minneapolis, Minn. (no appearance.).

VOGEL, Justice.

This is a disciplinary action against a member of the Bar of this State.

Mr. Maddock was retained to represent a plaintiff in an assault-and-battery action. The action was commenced in Divide County in the Fifth Judicial District. Chambers of the three district judges in that district are at Minot and Williston. Mr. Maddock arranged by telephone for a hearing to present evidence in the action, in which the defendant defaulted, before the Honorable Eugene A. Burdick, district judge, at his chambers in Williston. He appeared with his client and presented evidence and proof of service of the summons and complaint. Judge Burdick directed Mr. Maddock to prepare findings of fact, conclusions of law, and order for judgment and, in accordance with a common practice, gave the attorney the file in the action to be returned to the clerk of court of Divide County.

The file was never returned to the clerk of court and the findings of fact, conclusions of law, and order for judgment were never filed, nor was judgment entered. Mr. Maddock moved from the State and has not responded to repeated inquiries from his client, from the clerk of court, and from the Disciplinary Board of this Court.

Disciplinary proceedings were commenced against him and he has failed to respond to or answer the summons and complaint, which were personally served upon him on August 4, 1977. Failure to answer the complaint admits the allegations contained in it. Rule 10(e), N.D.R.D.P. A hearing officer, the Honorable William M.

Beede, district judge, was appointed on October 3, 1977, and, after notice to the respondent, held a hearing at which evidence was received supporting the allegations of the complaint. Judge Beede found that the respondent failed to comply with the order of the court to prepare documents and failed to return the file to the clerk of the district court of Divide County, and that these failures constituted violations of North Dakota Century Code Sections 27–13–01(1), 27–14–02(2), 27–14–02(3), and of Disciplinary Rules 1–102(A)(5) and (6) of the Code of Professional Responsibility.

Section 27–14–02(2), N.D.C.C., provides that the certificate of admission to the Bar of this State of an attorney and counselor at law may be revoked or suspended by the Supreme Court if he has: "Willfully disobeyed or violated an order of the court requiring him to do or to refrain from doing an act connected with or in the course of his professional practice."

Judge Beede made this finding, which we adopt:

"That the above-stated acts of neglect and failure to act constitute: conduct which is prejudicial to the administration of justice; conduct that adversely reflects on the fitness of the Respondent to practice law; conduct which reflects a lack of proper respect due the courts and judicial officers of this State, and therefore, constitutes a violation of the duties of an attorney and counselor at law; and conduct that constitutes willful disobedience of an order of the court requiring the Respondent to do an act in the course of his professional practice."

Based upon the foregoing facts, it is ordered that the certificate of admission of Terrence J. Maddock to practice law in this State is suspended for a period of one year, with leave to apply for reinstatement when he has complied with the order of the district court above referred to, and that costs of the disciplinary proceeding are assessed against the respondent, as certified by the Disciplinary Board pursuant to Rule 21(d), N.D.R.D.P., to be paid to the clerk of this Court, as secretary of the Disciplinary Board. Payment of such costs is also required as a condition precedent to any application for reinstatement. It is further ordered that respondent comply with Rule 14, N.D.R.D.P., as to notice to clients.

We further hold that the total failure of the respondent to respond to correspondence and inquiries of the Disciplinary Board, his total failure to answer or otherwise respond to the complaint against him in this proceeding, and his total failure to file exceptions to the report of the hearing officer within 20 days after the date of service of a copy thereof upon him, constitute a waiver of the right to a hearing before the Supreme Court and a waiver of the right to file briefs in the Supreme Court granted to him by Rule 10(1), N.D.R.D.P., and authorize this Court to decide the matter without a hearing in this Court. Under North Dakota Rules of Disciplinary Procedure, our function is essentially appellate, and parties may waive oral argument and the filing of briefs.

ERICKSTAD, C. J., and PEDERSON, PAULSON and SAND, JJ., concur.